STATE OF HAWAI`I, Plaintiff-Appellee,
v.
VALENTINO K. FAASAVALU, JR., Defendant-Appellant.
No. 29468.
Intermediate Court of Appeals of Hawaii.
October 16, 2009.
On the briefs:
Setsuko Regina Gormley, Deputy Public Defender, for Defendant-Appellant.
Stephen K. Tsushima, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, FUJISE and LEONARD, JJ.
Defendant-Appellant Valentino K. Faasavalu, Jr. (Faasavalu) appeals from the Judgment entered on October 17, 2008 in the District Court of the First Circuit, Honolulu Division (district court).[1]
The district court convicted Faasavalu of Disorderly Conduct, in violation of Hawaii Revised Statutes (HRS) § 711-1101(1) (d) (1993 and Supp. 2008).[2]
On appeal, Faasavalu contends (1) there was insufficient evidence to convict him of Disorderly Conduct and (2) if there was sufficient evidence to convict him, the district court should have found him guilty of a violation and not a petty misdemeanor.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude there was substantial evidence to convict Faasavalu of Disorderly Conduct as a petty misdemeanor and not a violation. "Given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." State v. Agard, 113 Hawai`i 321, 324, 151 P.3d 802, 805 (2007) (internal quotation marks and citation omitted).
From the circumstances described by Honolulu Police Sergeant David Yomes (Sergeant Yomes), the district court could reasonably conclude that Faasavalu intended "to cause physical inconvenience or alarm by . . . members of the public" by creating "a hazardous or physically offensive condition by any act which is not performed under any authorized license or permit." Faasavalu was yelling and swearing at another person. Faasavalu then threw a chair which hit a nearby mirrored pillar. Sergeant Yomes testified that the chair would have hit someone had the pillar not been in the way. Sergeant Yomes also stated that the people sitting at a table near the pillar jumped up right away and moved away from the table. There was also substantial evidence that Faasavalu intended to cause substantial harm or serious inconvenience because the mirrored pillar sustained damage when it was hit with the chair.
Therefore,
IT IS HEREBY ORDERED that the October 17, 2008 Judgment of the District Court of the First Circuit, Honolulu Division, is affirmed.
NOTES
[1] Per diem. District Court Judge Paula Devens presided.
[2] HRS § 711-1101 provides in relevant part:

§711-1101 Disorderly conduct. (1) A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, the person:
. . . .
(d) Creates a hazardous or physically offensive condition by any act which is not performed under any authorized license or permit; or
. . . .
(3) Disorderly conduct is a petty misdemeanor if it is the defendant's intention to cause substantial harm or serious inconvenience, or if the defendant persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a violation.